# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SANDRA RUMANEK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-1341-GBW |
| | ) | |
| MAGISTRATE JUDGE SHERRY | ) | |
| R. FALLON, | ) | |
| | ) | |
| Defendant. | ) | |

---

Sandra Rumanek, Vancouver, Washington – *Pro se* Plaintiff

William Edward LaRosa, UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATES ATTORNEY'S OFFICE FOR THE DISTRICT OF DELAWARE, Wilmington, Delaware – Counsel for Defendant Magistrate Judge Sherry R. Fallon

## **MEMORANDUM OPINION**

May 16, 2025
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I.    INTRODUCTION

On December 6, 2024, Plaintiff Sandra Rumanek ("Plaintiff") initiated this action *pro se* with the filing of a Complaint.  (D.I. 1.)  Now pending before the Court is Defendant Magistrate Judge Sherry R. Fallon's ("Defendant") motion to dismiss the Complaint.  (D.I. 8.)  The Court grants Defendants' motion to dismiss for the reasons explained below.

## II.    BACKGROUND

According to the Complaint, from July 2012 to the present, in Wilmington, Delaware and elsewhere, Defendant and others have conspired against Plaintiff, resulting in Plaintiff unjustly losing the civil suits she has initiated over the last thirteen years.   (*See* D.I. 1 at 1.)

Plaintiff first filed a civil complaint with this Court in June 2012, which raised employment discrimination claims, and the matter was assigned to Defendant, then a newly-appointed magistrate judge.   (*Id.*)  Following a jury verdict in 2014, Defendant entered judgment against Plaintiff.   (*Id.*)  Plaintiff believes the judgment entered against her was inappropriately influenced by the fact that, prior to judicial appointment, Defendant represented someone else that Plaintiff had sued for personal injury in a Delaware state court case.   (*Id.*)

1

The Court notes that this matter was taken up on appeal, and the Third Circuit concluded "that any error by Judge Fallon in failing to self-disqualify was harmless." *Rumanek v. Indep. Sch. Mgmt. Inc.*, 744 F. App'x 43, 46 (3d Cir. 2018). Nevertheless, Plaintiff believes that this conclusion on appeal, and all other legal determinations that have gone against Plaintiff's belief that Defendant's judgment in the 2012 case was unjust, are part of an ongoing conspiracy against Plaintiff. (*See* D.I. 1.)    For damages, Plaintiff seeks coverage of legal expenses and fees, the lost wages she sought in the 2012 employment discrimination case, and the monetary damages she sought in the preceding Delaware state personal injury case. (*Id.* at 1.)

## III.   LEGAL STANDARD

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the Plaintiff, a court concludes that those allegations "could not raise a claim of

entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A plaintiff must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [plaintiff] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## IV.    DISCUSSION

Holding the *pro se* Complaint to a less stringent standard than formal

3

pleadings drafted by lawyers and viewing it in the light most favorable to Plaintiff, the Court cannot reasonably infer any ongoing conspiracy against Plaintiff, involving Defendant or others. The Complaint relies on bald assertions and legal conclusions, which the Court does not credit in the absence of supporting factual allegations. Put simply, Plaintiff's claims do not raise a claim of entitlement to relief. Accordingly, the Court will dismiss the Complaint (D.I. 1) with prejudice.

In light of Plaintiff's filing history, Plaintiff is hereby placed on notice that future filings of a similar nature are highly likely to result in sanctions, in the form of an injunction, barring Plaintiff from initiating other actions in this Court without first obtaining permission from a judge of this Court. *See In re Oliver*, 682 F.2d 443, 445-46 (3d Cir. 1982) (holding that if a district court determines that a litigant's past and current lawsuits constitute a continuous pattern of "groundless and vexatious litigation," the All Writs Act permits the court, under "exigent circumstances," to grant an order enjoining the litigant from filing further actions without court permission).

## V.    CONCLUSION

For the reasons discussed, the Court will dismiss the Complaint (D.I. 1) with prejudice. An appropriate Order will be entered.